## SETTLEMENT OF GUARDIAN'S ACCOUNT.

Circuit Court of Hamilton County.

ELLIS B. GREGG, GUARDIAN, v. RALPH AND EDITH KLEIN, MINORS, ET AL.

Decided, 1908.

*Final Order—In the Matter of a Guardian's Account—Jurisdiction of the Probate Court in the Matter of Settlement of Accounts and of the Common Pleas on Appeal—Sections 524 and 6407.*

Inasmuch as the probate court has exclusive jurisdiction to settle accounts of guardians, the common pleas can acquire no jurisdiction on appeal so long as any item of such an account remains undetermined.

*Ellis B. Gregg* and *Wm. F. Fox,* for plaintiff in error.

*Harry R. Weber,* guardian *ad litem,* for minor defendants in error.

Plaintiff in error, Ellis B. Gregg, guardian of the estates of the minor defendants in error, filed an application in the probate court for allowance of compensation as attorney for himself as guardian in defending litigation concerning real estate in which his wards had an interest, which litigation was not then and is not yet at an end. The probate court allowed him compensation for ordinary services, but expressly continued so much of said application as related to attorney's fees in the real estate litigation until the final result thereof. Appeal was taken to the common pleas court, which court, of its own motion, appointed a guardian *ad litem,* who filed a motion attacking the jurisdiction of said court to entertain said appeal, the chief reasons being that the order appealed from was not a finality, and if it were it was not the settlement of the guardian's account. The motion was granted in part and overruled in part and the court retained for hearing so much of the appeal as related to the allowance for ordinary compensation.

Thereupon error was prosecuted to the circuit court, and at the hearing in this court, which was more than four months after

the final order on said motion in the common pleas court, the guardian *ad litem* on behalf of his wards asked leave to file a cross-petition in error assailing the jurisdiction of the common pleas court on the same grounds set forth in his motion to dismiss the appeal. Objection was made by the plaintiff in error to the filing of this motion on the ground that the four months had elapsed.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

Upon application to the probate court by the plaintiff in error as guardian for an allowance for extraordinary services including those as attorney at law, the same was granted in part, and continued in part until the litigation in which the services were rendered was fully determined.

On appeal by the guardian to the common pleas court, a motion by the guardian *ad litem* to dismiss the appeal was sustained as to so much of the application as was not finally determined by the probate court, and overruled as to the residue. To the judgment granting the motion in part the guardian prosecutes error, and the guardian *ad litem* asks leave to file a cross-petition in error assailing the jurisdiction of the common pleas court.

There are two reasons for holding that the common pleas court acquired no jurisdiction:

1st. There was no final determination of the application by the probate court.

2d. When finally determined the allowance or disallowance would not be a settlement of the guardian's account within the meaning of Section 6407, Revised Statutes.

Under Section 524, Revised Statutes, the probate court has exclusive jurisdiction to settle accounts of guardians, and so long as any item of such account remains undetermined, or for good cause should be continued, the account itself is not settled, and the common pleas court acquires no jurisdiction by appeal. The record discloses no abuse of discretion by the court, and if it did the remedy would be by mandamus compelling the court to act.

Again even had the court finally passed upon each item of extraordinary services set forth in the application, and made an allowance to the guardian, it would not have been a settlement

of the guardian's account within the meaning of the statute, but only a determination of certain items which could properly be stated in the account when filed, and subject to exceptions by others interested in the settlement of the estate. *McMahon, Admr.,* v. *Ambach & Co. et al,* 79 Ohio State.

The cross-petition in error of the guardian *ad litem* may be filed, the judgment of the common pleas court reversed, and the cause remanded to that court with instructions to dismiss the appeal for want of jurisdiction.